UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES G. WATSON,                          )
                                          )
         Plaintiff,                       )
                                          )
v.                                        )         No. 3:25-CV-217-CEA-DCP
                                          )
BRITTANY KNAP, *et al.*,                  )
                                          )
         Defendants.                      )

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Renewed Motion for Appointment of Counsel [Doc. 22]. Plaintiff acknowledges that "[t]here is no automatic right to counsel in civil cases[,]" but he states that exceptional circumstances exist in his case, warranting the appointment of counsel [*Id*. at 1]. He claims that he "is handicapped and has disabilities that substantially limit his ability to prosecute this case, including difficulty responding to mail, preparing filings, and appearing in person without assistance" [*Id.*]. He submits that he is entitled to counsel pursuant to the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act") [*Id.*]. Plaintiff contends, "The case involves civil-rights claims against government officials, which are complex and require knowledge of constitutional law, procedure, and evidence" [*Id.*]. In addition, he states that the "[a]ppointment of counsel will promote efficiency, reduce procedural errors, and serve the interests of justice" [*Id.*]. In support of his request, he has filed his declaration, claiming that he is handicapped and that his "condition limits [his] ability to travel, process and respond to legal mail quickly, and prepare complex filings

without assistance" [Doc. 22-1 ¶ 1]. He submits that he "cannot adequately protect [his] rights without appointed counsel or, at a minimum, reasonable accommodations such as electronic service, modest deadline extensions, and remote appearances when necessary" [*Id.* ¶ 3].

Pursuant to 28 U.S.C. § 1915, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel in civil cases is not a constitutional right, but the Court may use its discretion to appoint counsel in civil cases if "exceptional circumstances" exist. *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). In determining whether exceptional circumstances exist, courts examine the plaintiff's ability to represent himself and the type of case he filed, which "generally involves a determination of the complexity of the factual and legal issues involved." *Id*. (quoting *Lavado*, 992 F.2d at 606). The party requesting counsel has the burden to show that exceptional circumstances exist. *Id.*

As an initial matter, Plaintiff's total monthly income exceeds his monthly expenses, and he paid the filing fee [Docs. 30 & 32]. But even if Plaintiff met the financial criteria for the appointment of counsel, he has not shown that exceptional circumstances exist warranting the appointment of counsel. Plaintiff claims that he cannot litigate this case without the assistance of counsel due to his disabilities, but he has "managed to successfully initiate this action and file[] motion[s] without the assistance of counsel[.]" *Anderson v. Dugger*, No. 2:24-CV-187, 2025 WL 2087801, at *1 (E.D. Tenn. Jan. 21, 2025). Such actions "undercut[] a need for the Court to appoint counsel." *Id*. (footnote omitted). Further, neither the ADA nor the Rehabilitation Act apply to federal courts. *Rockenhaus v. Agapiou*, No. 2:25-CV-12716, 2026 WL 120834, at *1 (E.D. Mich. Jan. 16, 2026) (collecting cases), *appeal denied*, No. 2:25-CV-12716, 2026 WL

512233 (E.D. Mich. Feb. 24, 2026).[1]

And while Plaintiff states that his case is complex, the Court finds that this is not an extraordinary case requiring the appointment of counsel. *See Brown v. Smith*, No. 24-11662, 2025 WL 20413, at *3 n.2 (E.D. Mich. Jan. 2, 2025) (noting that the plaintiff's "constitutional claims [were] not exceedingly complex[,] and he ha[d] demonstrated an adequate understanding on how to proceed in this case based [on] his many filings in this litigation").

The Court therefore **DENIES** Plaintiff's motion [**Doc. 22**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] Plaintiff references the need for other accommodations, including "electronic service, modest deadline extensions, and remote appearances when necessary" [Doc. 22-1 ¶ 3].With respect to his request for electronic service, Rule 5 of the ECF Filing Rules and Procedures of this Court provides, "A party to an action who is not represented by an attorney may, with the Court's permission, register as an E-Filer solely for purposes of that action." He therefore may file a motion to register as an E-Filer. To the extent he needs extensions and to appear remotely, he may also file a motion at the appropriate time.

3